# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HIP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-615 (CFC) |
| | ) | |
| HORMEL FOODS CORPORATION, | ) | |
| HORMEL FOODS CORPORATE | ) | |
| SERVICES LLC, OSCEOLA FOOD, LLC, | ) | |
| ROCHELLE FOODS, LLC, and DOLD | ) | |
| FOODS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, source code, strategic decision-making information, and financial, marketing and sales information ("Sensitive Information");

IT IS HEREBY STIPULATED, and subject to the Court's approval, ORDERED, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings.

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public

1

disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of Information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that contain or reflect confidential, proprietary, and/or commercially sensitive information **[Defendants:**, including but not limited to competitively sensitive technical, marketing, financial, sales, or other confidential business information.] [**Plaintiff:** Documents previously designated as Protected Material under the terms of the 2007 Mutual Confidential Disclosure Agreement, which terms have since expired, should not be designated as "CONFIDENTIAL."]

2.3    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

2.4    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who  has been retained by a Party or its Counsel to serve as an expert witness or as an expert consultant in this action, and who are not regular employees of a Party.

2.6    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: Discovery Material that contains or reflects information that constitutes or includes [Plaintiff: extremely sensitive proprietary technical data or highly sensitive commercial or financial information] [Defendants: sensitive technical data or sensitive commercial or financial information]  and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or [Plaintiff: significant] competitive disadvantage to the Producing Party.

2.7    In-House Counsel: attorneys who are employees of a Party to this action, are responsible for managing this litigation, and do not participate in competitive decision-making. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are employed by a law firm which has appeared on behalf of that Party in this action.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities retained by a Party to provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: [**Plaintiff:** any Disclosure or Discovery Material that is properly designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYE ONLY."  Protected Material does not include any document as to which a party is aware, or has been made aware, is in the public domain.] [**Defendants:** any Disclosure or Discovery Material, including information that a party reasonably believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY." Protected Material does not include any document that is in the public domain through no wrongful action of any Party.]

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; and (2) all copies, excerpts, summaries, or compilations of Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record

4

through trial or otherwise; and (b) any information known to the Receiving Party through proper means prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Nothing in this Order is intended to preclude Counsel from advising Counsel's client based on Protected Material.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the previous designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –OUTSIDE ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b) for testimony given in deposition or other pretrial or trial proceedings that the Designating Party identifies on the record or up to 30 days afterwards that the transcript (or portions of the transcript) shall be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."   The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL. -  OUTSIDE ATTORNEYS' EYES ONLY" in its entirety.  After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If, prior to receiving such notice, the Receiving Party has disseminated the Protected Material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Protected Material or to otherwise assure that the recipient(s) properly mark and maintain the confidentiality of the Protected Material. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the Protected Material with the correct confidentiality designation.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice identifying by Bates number or other similar means the

specific documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order. Counsel for the Designating Party shall respond to the objection in writing within 14 days and state the grounds for asserting that the Protected Material is properly designated. After a timely written response is made to the objection, the Challenging Party has 7 days to request a meet and confer.  If the Challenging Party timely requests a meet and confer, then the parties shall hold a meet and confer within 7 days from the request and the parties shall confer in good faith in an effort to resolve the dispute. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall present the dispute to the court consistent with the Court's Discovery Dispute Order and with the Court's Scheduling Order.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.  The Designating Party bears the burden of proving that the information is properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -  OUTSIDE ATTORNEYS' EYES ONLY."  All parties shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7 .1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or Civil Action No. 1:18-cv-00820-GMS. Prohibited uses include, but are not limited to, use for competitive purposes of the prosecution of additional intellectual property rights. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

          (a)    the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

          (b)    the Receiving Party's In-House Counsel;

          (c)    A Party's officers, directors, and employees directly involved in this case whose access to the information is reasonably necessary to supervise, manage, or participate in this case;

(d)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, but the disclosure of any Protected Material to the Expert cannot occur until: (a)  the Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (b) the Receiving Party has served the signed "Acknowledgment and Agreement to Be Bound" on the Producing Party, together with a copy of the expert's CV and a list of cases in which the expert has served during the past five years; and (c) the Producing Party has not objected to disclosure of the Protected Material to the expert within 7 days of the identification of the Expert.  In the event that the Producing Party objects to disclosure of Protected Material to the Expert, the parties shall meet and confer within 3 business days of such objection to attempt to resolve the dispute.  If the parties are unable to resolve the objection, the Receiving Party may raise the issue with the Court pursuant to the Court's procedure for resolving discovery disputes.  Until the objections are resolved, no Protected Material may be disclosed to the Expert;

(e)      the Court and its personnel;

(f)      court reporters and their staff, professional jury, graphics, or trial consultants including mock jurors, and Professional Vendors retained by the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(g)      For a specific document, persons shown on the face of the document to have authored or received it;

(h)      Any mediator who is assigned to hear this matter, and the mediator's staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL -  OUTSIDE ATTORNEYS' EYES ONLY."  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY"  only to the following individuals.

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, but the disclosure of any Protected Material to the Expert cannot occur until: (a)  the Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (b) the Receiving Party has served the signed "Acknowledgment and Agreement to Be Bound" on the Producing Party, together with a copy of the expert's CV and a list of cases in which the expert has served during the past five years; and (c) the Producing Party has not objected to disclosure of the Protected Material to the expert within 7 days of the identification of the Expert.  In the event that the Producing Party objects to disclosure of Protected Material to the Expert, the parties shall meet and confer within 3 business days of such objection to attempt to resolve the dispute.  If the parties are unable to resolve the objection, the Receiving Party may raise the issue with the Court pursuant to the Court's procedure for resolving discovery disputes.  Until the objections are resolved, no Protected Material may be disclosed to the Expert;

(c)     the Court and its personnel;

(d)       court reporters and their staff, professional jury, graphics or trial consultants, including mock jurors, and Professional Vendors retained by the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(e)       [**Plaintiff:** the author or any recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;] [**Defendants:** For a specific document, persons shown on the face of the document to have authored or received it;]

(f)       Any mediator who is assigned to hear this matter, and the mediator's staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

[**Plaintiff:** (g) Plaintiff's president, David Howard, but only with respect to technical information.

(h) One representative of the Defendants who currently is an officer, director, or employee of at least one of the Defendants the Receiving Party, but who does not have competitive decision-making authority, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and is identified to Plaintiff as the individual so designated.]

[**Defendants:** *Neither David Howard nor Defendants' in-house counsel shall be entitled to see "Highly Confidential – Outside Attorneys' Eyes Only" documents.*]

7.4       Except as may be otherwise ordered by the Court or set forth in this Protective Order, any person may be examined as a witness at deposition and trial and may testify concerning all Protected Material of which such person has prior knowledge as set forth below:

(a)     A present director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material that has been produced by that party;

(b)     A former director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material of the Producing Party that appears on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, has been produced by that party, and pertains to the period or periods of his or her employment;

(c)     Non-parties may be examined during deposition or testify concerning any Protected Material of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

(d)     Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.

8.      [**Plaintiff:** *no Prosecution Bar is necessary, but if so Defendants' has acceptable language*]

[**Defendants:** PROSECUTION BAR

Absent written consent from the Producing Party, any individual, including, but not limited to, Outside Counsel, who accesses another party's  information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not be involved in the

prosecution of patents or patent applications relating to the subject matter of this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, including, but not limited to, U.S. Patent No. 9,510,610, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the prosecution, scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes review).  This Prosecution Bar shall begin when access to Protected Material is first received by the affected individual and shall end eighteen months after final termination of this action.]

9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

9.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.2     The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

10.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     A copy of this Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by non-parties shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" for a period of fourteen (14) days from the date of their production to all Parties, and during that period any party may designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order.

(b)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –OUTSIDE ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(d)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request unless precluded by an agreement between the Non-Party and Producing Party. If the Non-Party timely objects or seeks a protective order, or if the agreement with the Non-Party prevents production, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

11.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party shall: (1) promptly provide written notice to the Producing Party of such breach; (2) investigate and make

reasonable efforts to remediate the efforts of the breach, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach.  If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means.  The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate unauthorized access and use its best efforts to retrieve all unauthorized copies of the Protected Material.

12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
       MATERIAL

Any Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the documents be returned. The Receiving Party shall return or destroy such inadvertently produced documents, including all copies, within fourteen (14) days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. Furthermore, pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver of any privilege applicable to those documents, including the attorney-client privilege, attorney work product, or any other privilege or protection recognized by law. In addition, the reasonableness requirement of Rule 502(b) is "presumed satisfied."

13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material

covered by this Protective Order.

13.4    Filing Protected Material. Without written permission from the Designating Party

or a court order secured after appropriate notice to all interested persons, a Party may not file in

the public record in this action any Protected Material, but rather must file under seal any

Protected Material in compliance with Local Rule 5.1.3.

13.6    Other Proceedings. By entering this order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or party

subject to this order who becomes subject to a motion to disclose another party's information

designated as confidential pursuant to this order shall promptly notify that party of the motion so

that the party may have an opportunity to appear and be heard on whether that information

should be disclosed.

14.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such

material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) all the Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain (i) one complete set of all documents filed with the Court; (ii) deposition transcripts with exhibits, (iii) final expert reports, (iv) attorney work product, and (v) correspondence generated in connection with this action, all remaining subject to all requirements of this Protective Order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ _____
Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
mflynn@mnat.com

**Attorneys for HIP, Inc.**

OF COUNSEL:

Jerry R. Selinger
Susan E. Powley
PATTERSON + SHERIDAN LLP
1700 Pacific Avenue, Suite 2650
Dallas, TX 75201
(214) 272-0958

B. Todd Patterson
PATTERSON + SHERIDAN LLP
24 Greenway Plaza, Suite 1600
Houston, TX 77046
(713) 623-4844

Dennis Brown
BROWN PATENT LAW, P.L.L.C.
2700 N. Hemlock Ct., Suite 111 E
Broken Arrow, CA 74012
(918) 615-3357


POTTER ANDERSON & CORROON LLP

/s/ _____
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

**Attorneys for Defendants Hormel Foods
Corporation, Hormel Foods Corporate
Services, LLC, Osceola Food, LLC, and
Dold Foods, LLC**

OF COUNSEL:

Kurt J. Niederluecke
Timothy M. O'Shea
Barbara Marchevsky
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
(612) 492-7000


**IT IS SO ORDERED** this ___ day of _____, 2018.


_____
United States District Judge


20

## **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HIP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-615 (CFC) |
| | ) | |
| HORMEL FOODS CORPORATION, | ) | |
| HORMEL FOODS CORPORATE | ) | |
| SERVICES LLC, OSCEOLA FOOD, LLC, | ) | |
| ROCHELLE FOODS, LLC, and DOLD | ) | |
| FOODS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in this action on _____, 2018, that he/she understands the terms thereof, that he/she agrees to be bound by such terms, that he/she agrees to be subject to the personal jurisdiction of this Court, or such other Court as may be appropriate, for the purpose of enforcing the Protective Order. The undersigned understands that neither the Protected Material nor any notes concerning the Protected Material may be disclosed to anyone that is not bound by the Court's Protective Order. The undersigned agrees to return the Protected Material and any notes concerning that information to the attorney for _____or to destroy the information and any notes at that attorney's request.

Dated: _____        Signed: _____

Name:        _____

Address:     _____

               _____

64937665.2

21

EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Unitherm Food Systems, Inc.,

     Plaintiff,

v.

Hormel Foods Corporation and
Hormel Foods Corporate
Services, LLC,

     Defendants.

Court File No. 14-cv-04034 (JNE/BRT)

---

## PROTECTIVE ORDER

---

Upon stipulation of the parties (Doc. No. 38) for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways, **IT IS HEREBY ORDERED** that:

1.    As used in the Protective Order, these terms have the following meanings:

    (a)    "Attorneys" means counsel of record;

    (b)    "Confidential" documents are documents designated pursuant to paragraph 2;

    (c)    "Confidential - Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

    (d)    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    (e)    "Written Assurance" means an executed document in the form attached as Exhibit A.

- 1 -

2.      By identifying a document "Confidential", a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends to constitute or contain trade secret or other confidential information.

3.      All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4.   Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

4.      Access to any Confidential document shall be limited to:

    (a)      Two designated employees, plus one designated IT employee, of each Party to this lawsuit who are actively involved in assisting with the prosecution or defense of this litigation;

    (b)      Outside counsel of record for the Parties in this litigation;

    (c)      In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this litigation;

    (d)      Independent outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel of record to assist in this litigation (once the requirements of Paragraph 7 are satisfied);

(e)    Outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by the Parties' outside counsel of record to assist in this litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(f)    The Court, court reporters, videographers, stenographers, and court personnel;

(g)    The direct staff of, and any contact support personnel employed or retained by, any of the foregoing persons listed in (b) and (c) above, provided that such persons are actively involved in assisting with the prosecution or defense of this litigation; and

(h)    Persons shown on the face of the document to have authored or received it.

5.    The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential - Attorneys' Eyes Only".  Disclosure of such information shall be limited to the following persons:

(a)    Outside counsel of record for the Parties;

(b)    Independent outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel of record to assist in this litigation (once the requirements of paragraph 7 are satisfied);

(c)    Outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by the Parties'

outside counsel of record to assist in this litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(d)     The Court, court reporters, videographers, stenographers, and court personnel;

(e)     The direct staff of, and any contract support personnel employed or retained by any of the foregoing persons listed in (a) and (b) above provided that such persons are actively involved in assisting with the prosecution or defense of this litigation; and

(f)     Persons shown on the face of the document to have authored or received it.

6.      Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential - Attorneys' Eyes Only", subject to the same protections and constraints as the parties to the action.  A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential - Attorneys' Eyes Only" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7.      Each person appropriately designated pursuant to paragraph 4(d) and paragraph 5(b) to receive "Confidential" or "Confidential – Attorney's Eyes Only" information shall execute a "Written Assurance" in the form attached as Exhibit A.  Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose

- 4 -

designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8.     All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential - Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential - Attorneys' Eyes Only" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.   Unless otherwise agreed, depositions shall be treated as "Confidential - Attorneys' Eyes Only" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9.     Any party who inadvertently fails to identify documents as "Confidential" or "Confidential - Attorneys' Eyes Only" shall have 14 days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents.  Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10.     Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.  The receiving party shall return such inadvertently produced documents, including all copies, within 14 days of receiving such a written request.  The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.  Furthermore, pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver of any privilege applicable to those documents, including the attorney-client privilege, attorney work product, or any other privilege or protection recognized by law.  In addition, the reasonableness requirement of Rule 502(b) is "presumed satisfied."

11.     In connection with any motions filed with this Court, only those portions of a party's submission (e.g., memorandum of law, affidavit, and exhibits) that meet the requirements for treatment of protection from public filing (e.g., because they meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G) or a statute, rule or regulation prohibits disclosure) may be filed under seal.

        Designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal does not satisfy this requirement.

        With respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission must be sent electronically or hand

delivered to all parties and <u>hand delivered to the Court</u> the same day as the public documents are posted on ECF. In addition, within 7 days, counsel shall electronically file a redacted version of any memorandum of law, and provide the Court a courtesy copy with the redacted portion highlighted in yellow. The highlighted courtesy copy should be emailed to Chambers.

The parties must also file in compliance with the Electronic Case Filing Procedures Guide.

12.    Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential - Attorneys' Eyes Only". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential - Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13.    Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, attorney work product,

- 7 -

deposition transcripts/exhibits, expert reports, and all correspondence generated in connection with the action.

14.     Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16.     The obligations imposed by the Protective Order shall survive the termination of this action.  Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court.  Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

Date: March 19, 2015

<div style="margin-left:auto; width:50%">

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

</div>

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the city of _____ ,

county _____ , state of _____ ;

I am currently employed by _____ located at

_____ and my current job title is _____ .

I have read and believe I understand the terms of the Protective Order dated

_____ , filed in Civil Action No. 14-cv-04034 (JNE/BRT), pending in the United

States District Court for the District of Minnesota.  I agree to comply with and be bound

by the provisions of the Protective Order.  I understand that any violation of the

Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated

"Confidential" or "Confidential - Attorneys' Eyes Only" obtained pursuant to such

Protective Order, or the contents of such documents, to any person other than those

specifically authorized by the Protective Order.  I shall not copy or use such documents

except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action,

I shall return to the attorney from whom I have received them, any documents in my

possession designated "Confidential" or "Confidential - Attorneys' Eyes Only", and all

copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such

documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____        _____
                    (Date)                                    (Signature)


52873430_1.DOC

EXHIBIT C

<pre>
1                 UNITED STATES DISTRICT COURT
                    DISTRICT OF MINNESOTA
2
3      -----------------------------------------------------
                                    )
4      Unitherm Food Systems, Inc., )  File No. 14-CV-4034
                                    )          (JNE/BRT)
5           Plaintiff,              )
                                    )
6      vs.                          )  St. Paul, Minnesota
                                    )  July 9, 2018
7      Hormel Foods Corporation and )
       Hormel Foods Corporate       )  DIGITAL RECORDING
8      Services, LLC,               )
                                    )
9           Defendants.             )
                                    )
10     -----------------------------------------------------

11          BEFORE THE HONORABLE BECKY R. THORSON
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

12                    (MOTIONS HEARING)

13   APPEARANCES
       For the Plaintiff:        Brown Patent Law, PLLC
14                               DENNIS D. BROWN, ESQ.
                                 Suite 111-E
15                               2700 North Hemlock Court
                                 Broken Arrow, Oklahoma 74012
16
                                 Bassford Remele
17                               MARK R. BRADFORD, ESQ.
                                 Suite 1500
18                               100 South Fifth Street
                                 Minneapolis, Minnesota 55402
19
       For the Defendants:       Fredrikson & Byron, PA
20                               KURT J. NIEDERLUECKE, ESQ.
                                 Suite 4000
21                               200 South Sixth Street
                                 Minneapolis, Minnesota 55402
22
       Transcriber:              LORI A. SIMPSON, RMR-CRR
23                               Suite 146
                                 316 North Robert Street
24                               St. Paul, Minnesota 55101

25        Proceedings recorded by digital recording; transcript
       produced by computer.
</pre>

1　　　　　　　　　**P R O C E E D I N G S**

2　　　　　　　　　　**IN OPEN COURT**

3　　　　　THE COURT:  We are here for a motions hearing in

4　　the matter entitled Unitherm Food Systems, Inc. vs. Hormel

5　　Foods Corporation, Hormel Foods Corporate Services, LLC.

6　　This is Case No. 14-CV-4034 (JNE/BRT).

7　　　　　Let's begin with appearances of counsel, starting

8　　with Unitherm.

9　　　　　MR. BRADFORD:  Good morning, Your Honor.  Mark

10　　Bradford from Bassford Remele for the plaintiff.  With me is

11　　Dennis Brown.  Mr. Brown is counsel of record in this case

12　　and in the Delaware actions.  And if it pleases the Court,

13　　he'll be presenting the argument for plaintiff.

14　　　　　THE COURT:  All right.  Thank you.  Good to see

15　　you.

16　　　　　And for Hormel?

17　　　　　MR. NIEDERLUECKE:  Good morning, Your Honor.  Kurt

18　　Niederluecke of Fredrikson & Byron on behalf of Hormel.  I'm

19　　here by myself, but I do have one of our fine summer

20　　associates, Erin Edgerton, from the University of Michigan

21　　here watching.

22　　　　　THE COURT:  All right.  Great.  Why don't you come

23　　up to the counsel table here.  Nothing wrong with that.

24　　　　　MS. EDGERTON:  Thank you, Your Honor.

25　　　　　THE COURT:  Welcome.

1    factor when the protective order includes an amendment

2    provision.

3            And I'd also note that if you refer to the

4    amendment clause in this protective order, it states that --

5    let me just read it.

6            THE COURT:  If you could just point to --

7            MR. BROWN:  It says nothing in this protective

8    order shall be construed as preventing the parties from

9    seeking modification of the agreement.

10           THE COURT:  Right.  So I'm not going to sanction

11   you for seeking approval, but how can you argue that

12   foreseeability wasn't contemplated when there is this

13   additional sentence in paragraph 3 that's not part of the

14   court's template or anything like that, it is a custom

15   provision foreseeing the potential of additional

16   intellectual property litigation and foreclosing the use of

17   confidential information for that litigation?

18           MR. BROWN:  Well, in that clause that is listed as

19   an example, it's not exhaustive, but is given as an example,

20   the cases indicate that, the ones we've cited, indicate that

21   where -- that foreseeability is not a factor when you have a

22   situation like this.

23           And also, Your Honor, I'd just refer again to the

24   provision in the clause here, in the amendment clause, which

25   itself says that, you know, nothing in this agreement shall

1  be seen as preventing -- be construed as preventing the

2  parties from coming forward and seeking modification of the

3  agreement.

4        It was an example of something that was

5  contemplated.  However, at the time the concern of the

6  parties was not -- I contend it's not patent litigation.

7  The language there, it's patent speak for the filing of

8  additional patent applications, which is a concern in

9  litigation like this when technology is involved, that

10 things will be learned in the course of that and then

11 parties will go to the Patent Office and file for additional

12 patent protection.  And I believe that is what was

13 contemplated there.

14       But that, you know, is just typical and in a

15 blanket-type protective order of this case, that it does

16 indicate that, you know, things have to be kept confidential

17 for this action.  It does mention that specifically.  But

18 then it also provides a very liberal amendment provision and

19 says nothing but shall seek modification.  And I think the

20 question is there, then, are there grounds in there -- is

21 there good cause to seek modification.

22       In a situation like this where there's entirely no

23 prejudice on Hormel if this motion is granted, we just keep

24 what we have.  Not that there won't be additional discovery

25 in this case, obviously, which occurs in Delaware, but, you

1      know, the documents here are clearly relevant.

2              And I know you've read the briefs and it talks

3      about the tremendous overlap that there are in the issues in

4      this case.  So you have this discovery where actually the

5      documents in the other case are more relevant to the other

6      case in Delaware than they are here because here --

7              THE COURT:  That's not my job, though.

8              MR. BROWN:  No.

9              THE COURT:  I'm not determining the relevance --

10             MR. BROWN:  No, you're not.

11             THE COURT:  -- in Delaware.

12             MR. BROWN:  That's exactly right.  It's just a

13     question of whether, you know, judicial economy is such that

14     this should be granted.

15             In view of the fact there's no prejudice on Hormel

16     whatsoever, that all of these issues have already been

17     addressed in discovery, countless hours of depositions, the

18     protective order requires that these materials be destroyed,

19     which means, you know, not just the original file you get.

20     It's not like you can just get that back when you ask for --

21     we can ask for it in Delaware and we can get the documents

22     back.

23             THE COURT:  Have you asked for it in Delaware?

24             MR. BROWN:  Discovery is not open in Delaware yet.

25             THE COURT:  Have you asked for expedited