# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HIP, INC., )<br>)<br>     Plaintiff, )<br>) <br> ) C.A. No. 18-615-CFC<br>v. )<br> ) **JURY TRIAL DEMANDED**<br>HORMEL FOODS CORPORATION, )<br>HORMEL FOODS CORPORATE ) **PUBLIC VERSION**<br>SERVICES, LLC, OSCEOLA FOOD LLC, )<br>ROCHELLE FOODS, LLC and DOLD )<br>FOODS, LLC, )<br> )<br>     Defendants. ) | |

## LETTER TO THE HONORABLE COLM F. CONNOLLY
## FROM BINDU A. PALAPURA

OF COUNSEL:

Kurt J. Niederluecke
Timothy M. O'Shea
Barbara Marchevsky
FREDRIKSON & BYRON P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402
Tel:  (612) 492-7000

Dated:  October 11, 2018
PUBLIC VERSION
Dated:  October 18, 2018
5966094 / 45097

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants Hormel Foods Corporation, Hormel Foods Corporate Services, LLC, Osceola Food LLC, Rochelle Foods, LLC and Dold Foods, LLC*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Firm Fax

October 11, 2018

**VIA ELECTRONIC FILING**

The Honorable Colm F. Connolly  **PUBLIC VERSION**
U.S. District Court for the District of Delaware  **October 18, 2018**
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re:   <u>HIP, Inc. v. Hormel Foods Corporation, et al.</u>, C.A. No. 18-615-CFC

Dear Judge Connolly:

We submit this letter brief on behalf of Defendants in response to HIP's October 10, 2018 letter regarding Hormel's core technical documents. As set forth below, Defendants produced core technical documents sufficient to show how the accused cooking method works in accordance with the Court's Default Standard for Discovery. These documents included over a dozen Process Specification Summaries for the accused cooking process to make Bacon 1, Operator and Sanitation Manuals for the JBT-brand spiral oven, Standard Operating Procedures, and both graphic and tabular real-time operational data showing oven temperature set points and actual temperatures, oxygen levels, fan speeds, steam flow, and cook time. This core technical production more than adequately describes the accused cooking process in relation to HIP's infringement claims. Indeed, hours after representing to this Court that the requested documents were "needed for HIP's Initial Infringement Contentions," HIP produced its initial infringement contentions. Thus, HIP's claims are belied by its conduct.

*<u>Hormel Produced Core Technical Documents Sufficient To Allow HIP To Prepare Its Infringement Contentions.</u>*

Despite the posturing in its letter, HIP points to only two steps for which it claims Defendants produced insufficient core technical documents. The first is the "**adding superheated steam**" step. Defendants produced six separate, real-time exemplary data files tracking the steam flow, oxygen levels, and temperatures in the oven during Hormel's Hybrid Process. (*See, e.g.*, Ex. 1.[1]) HIP ignores this information, and claims that, to determine infringement, it needs to perform calculations involving no less than 10 variables relating to the physical characteristics of the JBT spiral oven, many of which Hormel does not document, to determine whether some undefined amount of superheated steam is added. HIP Letter at 2. If this is indeed the case, HIP's patent is indefinite for it neither teaches how to make or use such a system, or how to determine what amount of steam causes a method or system to infringe. *See,*

---

[1] HIP repeatedly disparages Defendants' real-time data. That data was randomly selected to cover the broad period of available historical data, and is neither "aberrational" nor "non-representative."

*e.g.,* 35 U.S.C. § 112; *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1378 (Fed. Cir. 2014) (A patent does not disclose the scope of an invention with reasonable certainty and is thus invalid when the patent fails to provide an objective standard to define the scope of the claim.).  When asked to explain what criteria determine whether that step is infringed or not, HIP's counsel refused to provide an explanation.  If HIP has some unique calculation that determines what amount of steam is necessary to infringe this step, then it should provide the calculation and the objective criteria for infringement before demanding production of numerous claimed variables in that determination.  Absent that, HIP has not demonstrated how the information demanded is related to an infringement determination, nor has it identified what exactly it is expecting Defendants to produce.

The second step is "**heat[ing] the superheated vapor cooking medium to a temperature of at least 325° F**."  Defendants produced over a dozen Bacon 1 Process Specification Summaries, each including the oven temperature.  (*See, e.g.,* Ex. 2 at HFC000013_0002-3.)  Defendants also produced exemplary Cook Yield Data that recorded hourly the oven temperatures.  (HIP Ex. 2 at HFC000028_001.)  Finally, Defendants produced graphic and tabular data showing set and actual oven temperatures every two minutes for six different, exemplary production shifts.  (*See, e.g.*, Ex. 1.)  HIP's complaint that it cannot determine to what temperature the cooking medium is heated is not credible.

*<u>HIP's Wish List of Demanded Documents Are Not Core Technical Documents or Responsive to HIP's Document Request.</u>*

HIP demands that this Court order the production of a laundry list of documents HIP deems to be "core technical documents." and allegedly responsive to its RFP No. 1.  (*See* HIP Letter at 1; HIP Ex. 1.)  HIP's Proposed Order is a "wish list" that demands documents and information, which may or may not even exist, that are irrelevant to the patent infringement claims in this matter.  Moreover, RFP No. 1 seeks "[a]ll documents concerning your contention that you do not infringe any claim of the '610 Patent . . . ."  (HIP Ex. 1.)  First, this request is directed to Defendants' non-infringement contentions, not Defendants' core technical documents.  Most of the documents demanded by HIP in its Proposed Order do not concern Defendants' as-yet articulated non-infringement contentions.  Thus, this RFP has no bearing on HIP's present request.  Second, this request is premature because HIP had yet to serve its Infringement Contentions when Defendants' response to this RFP was due.  Defendants just received HIP's Infringement Contentions and will supplement its response at the appropriate time.  HIP's letter and proposed Order are not seeking to enforce this document request, but instead seeking to take discovery by judicial caveat without regard to Rule 34.

HIP's wish list seeks documents and information irrelevant to the claims at issue in this cases.  For instance, Hazard Analysis Critical Control Points plans address the chemical, physical, and biologic hazards from receiving pork bellies to packaging.  Similarly, undercooked product handling procedures involve how to handle undercooked bacon.  Neither addresses the method for cooking bacon in a spiral oven – the subject of HIP's lawsuit.  HIP demands are not driven by the need to prepare infringement contentions, which it has already done, but instead to learn Hormel's procedures and methods for making Bacon 1 that are unrelated to the claimed process.  HIP presumably seeks this wish list of information to improve its own failed process, not to litigate the infringement claims in this case.

Because Defendants have satisfied their duty to produce core technical documents, and the demanded documents are not responsive to HIP's document request, the Court should deny the relief requested in HIP's Letter request.

                Respectfully,

                */s/ Bindu A. Palapura*

                Bindu A. Palapura

BAP:nmt/5966094/45097

Enclosures

cc:     Clerk of the Court (via hand delivery, w/encls.)
        Counsel of Record (via electronic mail, w/encls.)