# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HIP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 18-615-CFC |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HORMEL FOODS CORPORATION, | ) |
| HORMEL FOODS CORPORATE SERVICES, | ) |
| LLC, OSCEOLA FOOD LLC, ROCHELLE | ) |
| FOODS, LLC and DOLD FOODS, LLC, | ) |
| | ) |
| Defendants. | ) |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW

OF COUNSEL:

Kurt J. Niederluecke
Timothy M. O'Shea
Laura L. Myers
Barbara Marchevsky
FREDRIKSON & BYRON P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Tel: (612) 492-7000

Dated: February 8, 2019
6082187 / 45097

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants Hormel Foods Corporation, Hormel Foods Corporate Services, LLC, Osceola Food LLC, Rochelle Foods, LLC and Dold Foods, LLC*


**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 1

I. A STAY WILL NOT CAUSE HIP UNDUE PREJUDICE OR A CLEAR TACTICAL DISADVANTAGE. ................................................................................ 1

    A. HIP and Hormel Were Never Competitors. ............................................... 1

        1. Delay, in Itself, Does Not Establish Undue Prejudice. .............................. 2

        2. Any Purported Harm Can Be Compensated by Money Damages. ............. 3

        3. No Undue Prejudice for Fading Memories or Loss of Chosen Forum. .................................................................................................. 4

        4. No Undue Prejudice Because of Purported Reputational Injury. .............. 4

    B. No Evidence That a Stay Would Cause a Clear Tactical Disadvantage. ................. 5

II. A STAY WILL SIMPLIFY ISSUES AND CONSERVE RESOURCES. .......................... 6

    A. A Stay Is Warranted Even Though the IPR Has Not Been Instituted. .................. 6

    B. Statistics Support a Pre-Institution Stay. ............................................... 7

    C. HIP's Arguments About the IPR Are Without Merit. .......................................... 7

III. THE EARLY STAGE OF THE CASE WARRANTS A STAY. ...................................... 9

CONCLUSION ............................................................................................................... 10

**TABLE OF AUTHORITIES**

**CASES**

*Arris Grp., Inc. v C-Cation Techs., LLC*,
   IPR2014-00746, 2014 WL 6687318 (PTAB Nov. 24, 2014) ....................................................... 8

*CallWave Commc'ns, LLC v. AT&T Mobility, LLC*,
   C.A. No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015) ..................................... 9

*Carlson Pet Prod., Inc. v. N. States Indus., Inc.*,
   No. 0:17-cv-02529, 2018 WL 1152001 (D. Minn. Mar. 5, 2018) ........................................... 9

*CRFD Research, Inc. v. Dish Network Corp.*,
   C.A. Nos. 14-315, 14-314, 14-313, 14-64-GMS, slip op. (D. Del. June 4, 2015) .................... 2

*Davol, Inc. v. Atrium Med. Corp.*,
   C.A. No. 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013) ...................................... 6

*Ever Win Int'l Corp. v. Radioshack Corp.*,
   902 F. Supp. 2d 503 (D. Del. 2012) ........................................................................................ 5

*In re Bear Creek Techs.*,
   MDL No. 12-md-2344, 2013 WL 3789471 (D. Del. Jul. 17, 2013) ........................................ 3

*Intellectual Ventures I LLC, v. Toshiba Corp.*,
   C.A. No. 13-453-SLR-SRF, 2015 WL 3773779 (D. Del. May 15, 2015) ............................... 4

*Miics & Partners Am. Inc. v. Toshiba Corp.*,
   C.A. No. 14-803-RGA, 2015 WL 9854845 (D. Del. Aug. 11, 2015) ............................. 3, 6, 10

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ....................................... 7

*Oyster Optics, LLC v. Ciena Corp.*,
   No. 17-cv-05920-JSW, 2018 WL 6972999 (N.D. Cal. Jan. 29, 2018) ................................... 4

*Semiconductor Energy Lab Co. v. Chimei Innolux Corp.*,
   No. SACV 12-21-JST, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ................................. 4-5

*Software Research, Inc. v. Dynatrace LLC*,
   316 F. Supp. 3d 1112 (N.D. Cal. July 3, 2018) ....................................................................... 3

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ................................................................................................................. 8

*Unitherm Foods Sys., Inc. v. Hormel Foods Corp.*,
   Civ. No. 14-cv-4034, 2016 WL 4005649 (D. Minn. July 25, 2016) ...................................... 2

*Versata Software, Inc. v. Callidus Software, Inc.*,
  711 F.3d 1368 (Fed. Cir. 2014) ............................................................................................... 9

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ........................................................................................... 3, 4

**STATUTES**

35 U.S.C. § 311 ................................................................................................................................ 4

35 U.S.C. § 315(b) ........................................................................................................................... 5

**REGULATIONS**

Office Patent Trial Practice Guide,
  77 Fed. Reg. 48,756, 2012 WL 3276882 (Aug. 14, 2012) ..................................................... 8

## INTRODUCTION

HIP's arguments for why a stay should be denied are unsupported and based on incorrect assertions. In opposing this Motion, HIP focuses primarily on the alleged prejudice it would suffer as a result of the stay, but provides nothing more than a laundry list of conclusory statements and attorney conjecture. The factual evidence and the case law belie HIP's unsupported assertions. Indeed, HIP does not dispute that, in numerous instances, the Court has granted pre-institution stays in circumstances just like this case. A stay is appropriate because Defendants have met their burden and have shown that all three factors—potential undue prejudice, issue simplification, and case status—favor a stay.

Defendants respectfully request that the Court stay this case pending the IPR of the '610 Patent, or in the alternative, enter a stay until July 17, 2019, and schedule a status conference to follow shortly thereafter at which the Court and the parties can further address whether a continuing stay is appropriate, taking into account the PTAB's decision on institution.

## ARGUMENT

**I.  A Stay Will Not Cause HIP Undue Prejudice or a Clear Tactical Disadvantage.**

Nothing in HIP's opposition establishes undue prejudice or tactical disadvantage. HIP takes the kitchen sink approach—throwing purported examples of undue burden at the wall to see what sticks. But HIP's complaints of undue prejudice are nothing more than conclusory assertions that are not supported by the case law. HIP offers no evidence to support its arguments; only unsupported attorney conjecture and a fictitious tale on the history of the parties' relationship.

**A.  HIP and Hormel Were Never Competitors.**

HIP represented to this Court that it is a non-practicing entity that does not compete with

Defendants. D.I. 50. HIP's president and sole employee, David Howard, is retired and cannot compete in the industry. *Id*. Thus, HIP and Mr. Howard will not suffer any harm in the marketplace while the stay is in place. Knowing that the relationship of the parties favors a stay, HIP now argues it "does not fit the mold of a typical non-practicing entity ("NPE") inasmuch as, for many years, it competed for Hormel business." D.I. 93 at 14. To support this argument, HIP provides a self-serving and incomplete narrative of the lawsuit it commenced against Hormel in 2014. *See* D.I. 93 at 10-12. Contrary to HIP's assertion now, HIP admitted in the Minnesota litigation that "Hormel and [HIP] are NOT competitors in the marketplace." *See Unitherm Foods Sys., Inc. v. Hormel Foods Corp.*, No. 14-cv-4034, D.I. 65, at *12 (D. Minn. July 20, 2015).[1] Thus, the relationship of the parties favors granting a stay.

### 1.     Delay, in Itself, Does Not Establish Undue Prejudice.

HIP's argument that it would be prejudiced by delay of the adjudication of its claims in this case lacks merit. As this Court and others have repeatedly observed, there is always some delay and hence some potential for prejudice associated with a stay pending an IPR, but the question is whether the prejudice is *undue*. *See CRFD Research, Inc. v. Dish Network Corp.*, C.A. Nos. 14-315, 14-314, 14-313, 14-64-GMS, D.I. 49, at *2 n.3 (D. Del. June 4, 2015) (granting pre-institution stay and stating that "although CRFD would undoubtedly prefer a quicker resolution to a slower one, there is no suggestion that time is particularly important, or that any prejudice suffered would be *undue*." (emphasis in original)); D.I. 89-1, Ex. D. HIP cannot escape the reality that it is a non-practicing entity comprised solely of a retired owner

---

[1] HIP also fails to tell this Court that it lost the Minnesota case. *See Unitherm Foods Sys., Inc. v. Hormel Foods Corp.*, Civ. No. 14-cv-4034, 2016 WL 4005649, at *2-4 (D. Minn. July 25, 2016); *see also id.*, D.I. 379, at *8-9, 18 (D. Minn. Nov. 29, 2018) (declaring Hormel to be the "prevailing party" and ordering HIP to pay Hormel $835,742.03 in attorneys' fees and costs for successfully defending HIP's lawsuit).

2

who does not compete with the Defendants. Thus, delay alone is insufficient to establish undue prejudice. *See In re Bear Creek Techs*., MDL No. 12-md-2344, 2013 WL 3789471, at *2 (D. Del. Jul. 17, 2013) (explaining that the plaintiffs' status as "a non-practicing entity comprised solely of the [patent]'s inventor" undermined its prejudice assertions).

## 2. Any Purported Harm Can Be Compensated by Money Damages.

The '610 Patent issued on December 6, 2016. HIP waited over 14 months before it commenced this litigation on April 24, 2018. Not only did HIP delay in bringing this action, HIP never sought a preliminary injunction, which strongly negates any claim of undue prejudice resulting from a stay. *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014) ("[A] patentee's delays in pursuing suit and seeking preliminary injunctive relief belie its claims that it will be unduly prejudiced by a stay.").

Likewise, HIP's argument that it would be prejudiced by its ability to seek injunctive relief if the case was stayed lacks merit. HIP's reliance on *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1137-38 (N.D. Cal. July 3, 2018) is misplaced. In *Software Research*, the court denied a motion to strike the plaintiff's prayer for injunctive relief not because such relief was available, but because there were "*no allegations or evidence establishing that SRI is a non-practicing entity.*" 316 F. Supp. 3d at 1137-38 (emphasis added). The court further noted that when injunctive relief has been available to non-practicing entities, they must show potential injury to its licensing program. *Id.*

Here, HIP has made no allegations of injury to some sort of licensing program, of which HIP has provided no evidence. Under these facts, "despite requests for injunctive relief, [HIP is] realistically looking only for monetary damages." *Miics & Partners Am. Inc. v. Toshiba Corp.*, C.A. No. 14-803-RGA, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015).

3

### 3. No Undue Prejudice for Fading Memories or Loss of Chosen Forum.

HIP also contends that a stay would cause it undue prejudice because of generic concerns about fading memories. HIP provides no specific information as to particular evidence or witnesses whose memories would be threatened by the stay. As the Federal Circuit has held, "[w]ithout more, however, these assertions [that memories may fade] are not sufficient to justify a conclusion of undue prejudice." *VirtualAgility Inc.*, 759 F.3d at 1319.

Similarly, HIP's concern that a stay will cause it undue prejudice because of a loss of its chosen forum must be weighed against Defendants' statutory right to challenge HIP's patent through an IPR proceeding. *See* 35 U.S.C. § 311; *see also Intellectual Ventures I LLC, v. Toshiba Corp.*, C.A. No. 13-453-SLR-SRF, 2015 WL 3773779, at *2 (D. Del. May 15, 2015) (explaining that Congress created patent office proceedings like IPRs specifically to reduce the burden of litigation brought by non-practicing entities aggressively enforcing their patents); *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920-JSW, 2018 WL 6972999, at *4 (N.D. Cal. Jan. 29, 2018) (finding no undue prejudice where plaintiff argued that the defendant is attempting to deprive plaintiff of its chosen forum to resolve questions of invalidity). Thus, there is no undue prejudice to HIP here.

### 4. No Undue Prejudice Because of Purported Reputational Injury.

HIP's last complaint of undue prejudice is that "the delay resulting from a stay will allow reputational injury caused by Defendants' baseless accusations of inequitable conduct against HIP's president and patent counsel to continue to fester." D.I. 93 at 14. HIP offers no evidence to support its claim of reputational injury. Courts have rejected conclusory allegations of injury to "reputation" where the claims do not "specifically identify how its revenue will be injured if the Court grants" the motion to stay. *Semiconductor Energy Lab Co. v. Chimei Innolux Corp.*,

No. SACV 12-21-JST, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012). HIP's conclusory allegations and attorney speculation regarding purported reputational injury fail to demonstrate that HIP will be unduly prejudiced by a stay.

### B. No Evidence That a Stay Would Cause a Clear Tactical Disadvantage.

HIP's contention that Defendants purposefully delayed in filing the IPR petition for tactical advantage is meritless. First, Hormel filed its IPR petition months before the one-year statutory deadline required by the AIA. HIP's argument that Defendants should have filed the IPR at some undefined earlier point in time contravenes the statutory scheme adopted by Congress. HIP commenced the present action on April 24, 2018. D.I. 1. The IPR petition was filed on December 19, 2018—four months before the applicable deadline under 35 U.S.C. § 315(b). The present motion to stay was filed on January 18, 2019, shortly after the parties' meet and confer and one day after receiving notice that the IPR petition was accorded a filing date of December 19, 2018. D.I. 87; D.I. 89-1, Ex. B. The IPR petition and this motion to stay "were made in a timely fashion, and therefore, these two 'timing' considerations weigh in favor of a stay." *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 509 (D. Del. 2012).

Second, HIP's argument that Defendants delayed in filing the IPR petition because they knew about alleged prior art before this litigation and sought to attain an unfair tactical advantage by capitalizing on the knowledge gained through discovery is irrelevant to this analysis. Further, it is not Defendants' awareness of the prior art that is at issue; rather, it is HIP's knowledge of and failure to disclose material prior art to the Examiner that matters. The fact that Defendants' counsel sent HIP's counsel a letter regarding the material prior art that HIP failed to disclose before the '610 Patent issued demonstrates HIP's inequitable conduct—not Defendants' delay in filing an IPR.

HIP knew before the Court even entered a Scheduling Order that Defendants were going to be filing an IPR and seeking a stay of this litigation. D.I. 19 at 9. Defendants' transparency in telling the Court and HIP that it intended to file an IPR and a motion to stay undercuts HIP's accusation that Defendants are using "dilatory tactics."

Finally, given that the litigation is still at an early stage with a great deal of work left to be done, HIP's argument that the timing of Defendants' motion to stay causes a clear tactical disadvantage to HIP is unfounded. *Miics & Partners Am. Inc.*, 2015 WL 9854845, at *1 ("finding little tactical disadvantage to Plaintiffs" where the litigation was still in the early stage).

## II. A Stay Will Simplify Issues and Conserve Resources.

### A. A Stay Is Warranted Even Though the IPR Has Not Been Instituted.

There is no rule against a pre-institution stay. None of the cases HIP cites in arguing that a stay will not simplify the issues mirror the facts in this case. D.I. 93 at 17-18. Specifically, not one of the cases involves a request to stay a case where extensive discovery remains to be done, the IPR petition challenges every claim of the single patent-in-suit, and the patent owner is a non-practicing entity. Indeed, some of the cases cited by HIP even support Defendants' Motion on these facts. *See, e.g.*, *Davol*, *Inc. v. Atrium Med. Corp.*, C.A. No. 12-958-GMS, 2013 WL 3013343, at *4-5 (D. Del. June 17, 2013) (noting that because the IPR petition seeks review of all claims of the patents-in-suit, "the court agrees with [defendant's] position that a stay might simplify this action," and that if the patent owner were a non-practicing entity, that would "extinguish[] any risk that it would lose sales or goodwill in the market").

Courts in this District have granted stays pending IPR before the PTAB decides whether to institute a petition. These decisions are cited in Defendants' Opening Brief. *See* D.I. 88 at 9-10. The factual circumstances of this case warrant a pre-institution stay because: (1) the IPR

petition seeks to invalidate all three claims of the '610 Patent, the sole patent asserted in this case; (2) HIP is a non-practicing entity and does not compete with Defendants; and (3) fact discovery is not complete, no depositions have been scheduled or taken, no *Markman* hearing has occurred, and expert discovery is a long way off. Delaying a decision to stay until after institution, as proposed by HIP, runs counter to the purpose of the IPR process and ignores the substantial work that still needs to be done in this case.

### B. Statistics Support a Pre-Institution Stay.

No matter the outcome of the IPR, a stay will simplify the issues for trial. HIP does not refute the statistics in Hormel's Opening Brief. Instead, HIP nit-picks that the overall statistics show "a general decline in granted institution decisions between FY13 and FY18 from 87% to 60%." D.I. 93 at 19. This does not change the fact that it is still statistically likely that the PTAB will institute an IPR proceeding here. *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) ("While Neste is correct that PTO has yet to render a decision on Syntroleum's petition, the statistics referenced by the defendants suggest that it will likely grant review."). Indeed, the most recent statistics demonstrate an uptick in the granted instituted decisions for the first quarter of FY19. *See* D.I. 89-1, Ex. E, p. 6 (increasing from 60% to 64%). Hormel's IPR petition has the potential to dispose of HIP's entire case against Defendants and, at a minimum, will narrow the litigation.

### C. HIP's Arguments About the IPR Are Without Merit.

Recognizing that the statistics show that there is a significant probability that institution will occur, HIP attempts to evaluate the IPR petition by making the unsubstantiated accusation that Hormel's IPR petition is defective because a third party, JBT, was not named as a real-party-in-interest. However, HIP provides no factual or legal support for this suggestion. JBT is not a

7

real-party-in-interest to the IPR proceeding because JBT has no "actual measure of control or opportunity to control that might reasonably be expected between two formal coparties" over Hormel's IPR.  *See* Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,759-60, 2012 WL 3276882 (Aug. 14, 2012) (referring to the privity factors in *Taylor v. Sturgell*, 553 U.S. 880 (2008), such as whether there is a pre-existing substantive legal relationship between the party and non-party, the non-party assumed control over the proceeding, and the non-party serves as a proxy for the party); *Arris Grp., Inc. v C-Cation Techs., LLC*, IPR2014-00746, 2014 WL 6687318, at *5-6 (PTAB Nov. 24, 2014) (despite indemnification agreement, patent owner failed to show party exercised control or could have exercised control over IPR).  HIP's reference to indemnification language in a Standard Purchase Order between Hormel and JBT for a JBT oven is misleading—JBT's oven has not been accused of patent infringement.  D.I. 93 at 4-5.  HIP's attorney conjecture does not change the strength of Hormel's IPR petition.

      HIP also argues that the PTAB is unlikely to institute the IPR petition because it relies on the same or substantially the same prior art that was before the Examiner.  That is not correct.  The Hwang '962 Patent was never provided to the Examiner by HIP and is not cumulative of the Hwang '120 Patent, which was considered by the Examiner.  HIP misled the Examiner about the scope of the disclosures in both the Hwang '120 Patent and the Hwang '962 Patent.  *See* D.I. 69-3, ¶¶ 101-06, 114-33, 205-15.  In particular, the Hwang '962 Patent includes additional methods of heating the gaseous cooking medium in the oven without the addition of air that Hwang '120 did not disclose.  D.I. 89-1, Ex. A, p. 16.  Heating the gaseous cooking medium without adding air is a critical aspect of HIP's alleged invention, and Howard specifically argued during prosecution that the Hwang '120 Patent teaches away from a substantially air-free environment.  *Id.*, p. 8.  The Hwang '962 Patent adds to the disclosure in the Hwang '120 Patent on this point

by teaching the use of an electric or thermal fluid heating system, which can heat gaseous cooking medium without the addition of air. *Id.*, pp. 16, 23.

The IPR petition details how the Hwang '962 Patent and the McVeagh publication each individually anticipate and make obvious all claims of the '610 patent. *See* D.I. 89-1, Ex. A. Ultimately, HIP's attempt to evaluate the IPR petition with unsupported attorney speculation should carry no weight. *Carlson Pet Prod., Inc. v. N. States Indus., Inc.*, No. 0:17-cv-02529, 2018 WL 1152001, at *6 (D. Minn. Mar. 5, 2018) (refusing "to wade into the deep waters of the validity debate" because "it would be imprudent to opine on the merits of the very issues that the PTO will address with its particular expertise").

### III. The Early Stage of the Case Warrants a Stay.

The proper inquiry for this factor is "how much more remains to be done in litigation before reaching the trial date." *Versata Software, Inc. v. Callidus Software, Inc.*, 711 F.3d 1368, 1373 (Fed. Cir. 2014); *see also CallWave Commc'ns, LLC v. AT&T Mobility*, *LLC*, C.A. No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (granting pre-institution stay even though "[d]iscovery is more advanced than would be ideal"). HIP's analysis contradicts the Federal Circuit's guidance and vastly understates the work remaining in this litigation.

HIP concedes that "material work" remains to be done in this case. D.I. 93 at 8. Fact discovery remains outstanding and no depositions have been scheduled or taken. Claim construction is not complete and no *Markman* hearing has occurred. No expert discovery has been conducted, the parties have not yet reached dispositive motion practice, and the trial in this matter is not scheduled until June 15, 2020. Yet, HIP argues that the Court should not grant a stay because the PTAB won't issue a final written decision until a month after the trial is scheduled in this case. This argument misses the mark. The trial in this case is a long way off

9

and it does not make sense to go through a full trial on a patent that could be eliminated entirely by the PTAB.

The substantive work remaining in this case will undoubtedly represent the bulk of the expenses that the parties would incur in pretrial work and trial preparation. *See, e.g.*, *Miics & Partners Am. Inc*., 2015 WL 9854845, at *1 (granting pre-institution stay where there was substantial work left to be done in the case). A stay at this early stage would save the parties and the Court significant time and resources by delaying the case until the PTAB has simplified the dispute, or resolved it altogether.

## **CONCLUSION**

For the reasons set forth above and in Defendants' Opening Brief supporting its Motion to Stay, Defendants respectfully request that this Court stay further proceedings in the matter pending the resolution of the IPR petition for the asserted '610 Patent, or in the alternative, enter a stay until July 17, 2019, by which time the PTAB will have issued a decision on whether to institute the pending IPR petition, and schedule a status conference to further address the stay in view of the actions taken by the PTAB on the IPR petition.

|  |  |
|---|---|
| | Respectfully submitted, |
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | |
| | By: */s/ Bindu A. Palapura* |
| Kurt J. Niederluecke | David E. Moore (#3983) |
| Timothy M. O'Shea | Bindu A. Palapura (#5370) |
| Laura L. Myers | Stephanie E. O'Byrne (#4446) |
| Barbara Marchevsky | Hercules Plaza, 6th Floor |
| FREDRIKSON & BYRON P.A. | 1313 N. Market Street |
| 200 South Sixth Street, Suite 4000 | Wilmington, DE  19801 |
| Minneapolis, MN  55402 | Tel:  (302) 984-6000 |
| Tel:  (612) 492-7000 | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| | sobyrne@potteranderson.com |
| Dated:  February 8, 2019 | |
| 6082187 / 45097 | *Attorneys for Defendants Hormel Foods Corporation, Hormel Foods Corporate Services, LLC, Osceola Food LLC, Rochelle Foods, LLC and Dold Foods, LLC* |