IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HIP, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-615-CFC |
| | : | |
| HORMEL FOODS | : | |
| CORPORATION, HORMEL | : | |
| FOODS CORPORATE | : | |
| SERVICES, LLC, OSCEOLA | : | |
| FOOD, LLC, ROCHELLE | : | |
| FOODS, LLC, and DOLD | : | |
| FOODS, LLC, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

**WHEREAS,** Defendants have alleged as counterclaims that U.S. Patent No. 9,510,610 is invalid due to indefiniteness and unenforceable due to inequitable conduct and incorrect inventorship;

**WHEREAS,** Defendants have agreed that if the Court expedites consideration of the indefiniteness issue and grants judgment in Defendants' favor on their invalidity counterclaim, Defendants will dismiss their remaining counterclaims without prejudice and forego any motion for an exceptional case finding and for the recovery of attorney fees under 35 U.S.C. § 285 (D.I. 111 at 1);

**WHEREAS**, Defendants have agreed that their briefing in connection with the *Markman* hearing will constitute their opening brief for a motion for summary judgment if the Court permits the filing of an early motion for summary judgment of invalidity based on indefiniteness, *see* Tr. of Apr. 9, 2019 Hr'g at 76; and

**WHEREAS**, the Court, having reviewed the briefing of the parties filed in connection with the *Markman* hearing, has serious questions about whether "resembling a pan-fried bacon product," read in light of the written description and prosecution history, would inform with reasonable certainty a person skilled in the art about the patented invention's scope;

**IT IS HEREBY ORDERED**, on this Twenty-second day of April in 2019, that:

1. Defendants may file a motion for summary judgment based on indefiniteness no later than April 25, 2019. The motion shall not contain any argument and shall simply state in one sentence the relief sought by the motion and identify (with pinpoint citations) in another sentence the legal arguments set forth in Defendants' prior briefing that Defendants rely on in support of their motion.

2. If Defendants file a motion no later than April 25, 2019, Plaintiff shall have until May 3, 2019 to file an answering brief, which shall be in 14-point font and no more than 5,000 words. Plaintiff may attach declarations in support of its answering brief. Plaintiff's submission shall comply with the briefing

requirements set forth in the Court's Form Order for Patent Cases in Which Infringement is Alleged (Revised as of April 22, 2019).

3. Defendants shall have until May 10, 2019 to file a reply brief, which shall be in 14-point font and no more than 2,500 words. Defendants may only address in their reply brief issues raised in Plaintiff's answering brief that were not raised in the *Markman* briefing. The reply brief and any attachments thereto will be struck if Defendants address in their reply brief arguments that have previously been made. Defendants' submission shall comply with the briefing requirements set forth in the Court's Form Order for Patent Cases in Which Infringement is Alleged (Revised as of April 22, 2019).

4. A hearing on Defendants' motion for summary judgment will be held on May 22, 2019 at 9:00 a.m. The parties will be permitted to adduce at the hearing the testimony of expert witnesses, and the Court will make credibility findings as it deems necessary.

**IT IS SO ORDERED.**

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE