IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HIP, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-615-CFC |
| | : | |
| HORMEL FOODS CORPORATION, HORMEL FOODS CORPORATE SERVICES, LLC, OSCEOLA FOOD, LLC, ROCHELLE FOODS, LLC, and DOLD FOODS, LLC, | : : : : : : : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

Defendants Hormel Foods Corporation, Hormel Foods Corporate Services, LLC, Osceola Food, LLC, Rochelle Foods, LLC, and Dold Foods LLC move to stay this patent case pending *inter partes* review (IPR) of United States Patent Number 9,510,610 (the "#610 patent") (D.I. 87). The PTAB has not instituted the IPR petition. For the reasons discussed below, I will deny the motion without prejudice.

1. The Court typically considers three factors when deciding whether to stay litigation pending IPR: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will

simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *1 (D. Del. July 2, 2013).

2. As to the first factor, Defendants' delay in petitioning for IPR could create at least some tactical disadvantage for HIP, and a stay may unduly prejudice HIP. While HIP's status as a non-practicing entity reduces the prejudice it would suffer from a stay, there remains a potential for undue prejudice. "[S]taying a case pending PTO review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff." *Neste Oil*, 2013 WL 3353984, at *2.

3. The second factor, whether a stay will simplify the issues, disfavors a stay at this time. As noted, the IPR petition has not been instituted. "Generally, the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for *inter partes* review." *Copy Protection LLC v. Netflix, Inc.*, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) (internal quotation marks and citation omitted). Defendant may renew its motion if and when its petition is instituted, and the simplification factor may be evaluated differently at that time.

4. Finally, a trial date has been set for June 15, 2020; the parties have engaged in a substantial amount of discovery, which is scheduled to be completed

on or before July 12, 2019; claim construction has already been briefed, argued, and ruled upon; and there is a fully-briefed case-dispositive motion, for which a hearing is scheduled on May 22, 2019.

5.  Weighing the pertinent factors, I conclude that they do not favor granting the requested stay.

**WHEREFORE**, at Wilmington this Sixteenth day of May in 2019, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay Pending *Inter Partes* Review (D.I. 87) is **DENIED**.

**IT IS SO ORDERED.**

COLM F. CONNOLLY<br>
UNITED STATES DISTRICT JUDGE